WOODARD, Judge.
The sole issue on appeal is whether the jury erred in finding that defendants were free from fault in causing plaintiffs injuries.
John M. Lee (Lee) was injured when he allegedly fell into a hole located outside the door of the Black Pearl Lounge. Lee filed suit naming Empire Construction Company, Inc. (Empire), Gilchrist Construction Company, and the City of Alexandria for negligence in leaving a large ditch outside the door of the Black Pearl Lounge uncovered. This matter was heard by a jury and at the close of Lee’s case, a directed verdict was granted in favor of Gilchrist Construction Company. A verdict was then rendered in favor of the City of Alexandria and Empire Construction Company finding that they were free from fault in causing plaintiffs injuries.
Plaintiff filed a Motion for New Trial which was denied and subsequently filed this appeal.
FACTS
During the year of 1988, the City of Alexandria was engaged in a project to replace natural gas lines throughout the entire downtown area of the City. This was an extensive project which required the tearing up of nearly every sidewalk in the area and the total replacement of gas lines to every home and business. Empire was the general contractor for the project. Part of Empire’s job duties was to dig up the old sidewalk, trench out a line, and then lay the gas line. Empire subcontracted with Gilchrist to take care of all their concrete needs which amounted to the removal and replacement of the sidewalk.
The Black Pearl Lounge was a downtown business located on Elliot Street. Part of the gas line project took place in front of the Black Pearl Lounge.
On November 18, 1988, John Lee was called to come to the Black Pearl and bid on a construction job at the lounge. Lee testified that as he walked out the front door of the lounge, he fell into a hole 3-4 feet wide and received injuries. As a result of these injuries, Lee filed suit.
LAW
Conflicting testimony was given at trial as to whether a large uncovered hole existed outside of the Black Pearl Lounge. Photographs were entered into evidence by both plaintiff and defendants. After much testimony was heard, the jury returned a verdict in favor of Defendants, holding that they were not at fault in causing plaintiff’s injuries.
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
We do not find the jury’s credibility determinations to be clearly wrong in light of the conflicting testimony. Thus, we are compelled to accept the jury’s finding that the defendant was not at fault in causing plaintiff’s injuries.
For the foregoing reasons we affirm the judgment of the trial court. Costs are assessed to the plaintiff.
AFFIRMED.